IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Jeffrey Pennington, | ) | C/A No.: 3:12-1509-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Kershaw County S.C.; State of South Carolina; Kershaw County Detention Center; Pennsylvania Department of Transportation; Lt. Myers; Darrell Drakeford; John Does 1-10; Jackson; Lawson; McLeod; C.O. Alston; R. Eugene Hartis, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter comes before the court on the motion of plaintiff Jeffrey Pennington ("Plaintiff"), filed June 18, 2012, seeking a temporary restraining order and preliminary injunction ("TRO Motion"). [Entry #9].

I.   Factual and Procedural Background

The TRO Motion claims that Plaintiff has been falsely arrested by the defendants on two occasions. *Id*. at 2. The original and amended complaints in this matter allege that the defendants falsely accused Plaintiff of speeding, having an expired license, and failing to have a vehicle license plate in Kershaw County on April 19, 2012. [Entry #1 at 6; Entry #8 at 3–4]. Subsequent to the arrest, Plaintiff was detained at the Kershaw County Detention Center, where he was "forced to post bail and issued three tickets and released." [Entry #8 at 4]. The TRO Motion states that, on June 12, 2012, Plaintiff returned to Kershaw County for a hearing. [Entry #9 at 2]. An attempt to submit

evidence during the hearing allegedly resulted in Plaintiff being handcuffed by several deputies and detained for a second time at the Kershaw County Detention Center. *Id.* at 3. Plaintiff has been issued a summons to return to Kershaw County on June 26, 2012, for another hearing. *Id.* Plaintiff alleges "fear for his life and liberty because of the actions of the defendants on April 19 and June 12, 2012," and seeks "an Emergency order restraining the defendants contact with the plaintiff until this matter has been adjudicated." *Id.* at 3–4.

II. Discussion

   A.   Standard of Review

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*,

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Fed. Election Commission*, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

2

575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See id.* at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 347 (quoting *Winter*, 555 U.S. at 19–23).

B. Analysis

The TRO Motion indicates that Plaintiff has a hearing scheduled for June 26, 2012, in Kershaw County, South Carolina, where he is being prosecuted for traffic violations. [Entry # 9 at 2–3]. The TRO Motion asks this court to enjoin the defendants from having contact with Plaintiff until the issues in Plaintiff's pending federal civil action have been adjudicated. *Id.* at 3. The Supreme Court has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In *Younger,* the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. In the present TRO Motion, Plaintiff alleges that he cannot receive a fair trial with the

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

3

defendants. [Entry #9 at 2]. However, such a claim rests on mere speculation or conjecture at this time, and Plaintiff provides no indication that he lacks an adequate remedy at law to address the denial of a fair hearing in state court. The TRO Motion also offers no information to demonstrate how Plaintiff will incur irreparable injury if the traffic court proceedings continue. In addition, Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor and fails to address the potential for harm to the defendants if the TRO Motion were granted. Finally, Plaintiff fails to show how public interest would be served by the issuance of a TRO at this time. Because Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's TRO Motion should be denied.

III. Conclusion

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's TRO Motion [Entry #9].

IT IS SO RECOMMENDED.

June 20, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).