IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeffrey Pennington, | C/A No.: 3:12-1509-JFA-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Kershaw County S.C.; State of South Carolina; Kershaw County Detention Center; Pennsylvania Department of Trasportation; Lt. Myers; Darrel Drakeford; John Does 1–10; Jackson; Lawson; McLeod; C.O. Alston; R. Eugene Harris, | |
| Defendants. | |

This matter comes before the court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 21). The plaintiff filed a motion in this case seeking a temporary restraining order ("TRO") and a preliminary injunction against the defendants. Plaintiff has asked this court to enjoin the defendants from having contact with Plaintiff until the issues in Plaintiff's pending civil action have been adjudicated. According to the plaintiff's motion, on June 26, 2012 Plaintiff is scheduled to have a hearing in Kershaw County, South Carolina, where he is being prosecuted for traffic violations.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the plaintiff's motion for a TRO or a preliminary injunction should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 20, 2012. (ECF No. 15). Because the plaintiff did not file his motion sufficiently in advance of the scheduled hearing so as to allow the normal 14-day response time to the Report and Recommendation, Plaintiff was given a shortened deadline to file his objections. (ECF No. 17). Plaintiff filed such objections on June 22, 2012. (ECF No. 21).

This court has reviewed the plaintiff's objections but finds that they do not overcome the deficiencies raised by the Magistrate Judge in her Report. As pointed out by the Magistrate Judge, Plaintiff's claim that he cannot receive a fair trial rests on mere speculation, and Plaintiff has failed to provide any indication that he lacks an adequate remedy at law to address the denial of a fair hearing in state court. Additionally, Plaintiff has not demonstrated how he will be irreparably injured if the proceedings in Kershaw County continue. Plaintiff also fails to address how the public interest would be served by the issuance of a TRO in his case. In his objections to the Magistrate Judge's Report,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

the plaintiff makes many conclusory statements and cites from a number of statutes. However, many of his statements continue to rest on speculation and conjecture. Plaintiff has not met his burden in establishing that a TRO or a preliminary injunction is appropriate in this case. Thus, this court adopts the Magistrate Judge's recommendation that Plaintiff's TRO motion be denied. (ECF No. 9).

Accordingly, Plaintiff's motion (ECF No. 9) is hereby denied.

IT IS SO ORDERED.

June 25, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge