IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Pennington, | C/A No.: 3:12-1509-JFA-SVH |
| Plaintiff, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Kershaw County, South Carolina; | FOR PARTIAL SUMMARY DISMISSAL |
| State of South Carolina; Kershaw | |
| County Detention Center; Pennsylvania | |
| Department of Transportation; Lt. | |
| Myers; Darrell Drakeford; John Does, 1- | |
| 10; Jackson; Lawson; McLeod; C.O. | |
| Alston; and R. Eugene Hartis, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action alleging claims based on diversity jurisdiction and under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned finds that the pleadings should be summarily dismissed as to the following defendants: Kershaw County, South Carolina; State of South Carolina; Kershaw County Detention Center; Pennsylvania Department of Transportation; Darrell Drakeford; and R. Eugene Hartis. In a separately-docketed order, the undersigned has authorized service against defendants Myers, Jackson, Lawson, McLeod, and Alston.

I. Factual and Procedural Background

Plaintiff's original complaint alleged claims based on diversity jurisdiction and claims brought pursuant to 42 U.S.C. § 1983 against Kershaw County, South Carolina; the State of South Carolina; the Kershaw County Detention Center; the Pennsylvania Department of Transportation; Lt. Myers; Darrell Drakeford; and various John Doe defendants. [Entry #1 at 1, 3]. Plaintiff claims that he was falsely accused of traffic offenses in Kershaw County, South Carolina, on April 19, 2012. *Id.* at 6. The traffic stop allegedly resulted in Plaintiff's arrest "without any warrant or other legal process" and his imprisonment at the Kershaw County Detention Center. *Id.* at 6–7. Plaintiff further claims that the arresting officer, defendant Myers, "violently seized, assaulted and laid hold of" him during the arrest and removed private property from his car. *Id.* at 9–10.

Plaintiff alleges that he was then "compelled to appear before defendant Judge Darrell J. Drakeford of the Bail Court of Kershaw County, which held an exparte hearing without plaintiff or his counsel and allowed jailers to submit evidence without the objection of the plaintiff or his counsel, which is in violation of due process." *Id.* at 8. Defendant Drakeford is also named for holding Plaintiff's case "over for trial." *Id.* at 14. Plaintiff alleges that the Pennsylvania Department of Transportation deliberately concealed important information and injured Plaintiff by "providing false information to defendant Myers in which said defendant relied upon to make a determination to falsely arrest plaintiff." *Id.* at 29, 31. The original

complaint further alleged various state law causes of action against the defendants and sought monetary damages and injunctive relief. *Id.* at 32–33.

On June 18, 2012, Plaintiff filed an amended complaint, adding defendants Jackson, Lawson, C.O. Alston, and R. Eugene Hartis. [Entry #8 at 1]. The amended complaint reiterates Plaintiff's claims against defendant Myers for false arrest and excessive force during the arrest on April 19, 2012. *Id.* at 4. Plaintiff further alleges that defendant Jackson assisted defendant Myers during the arrest and failed to protect Plaintiff from the alleged assault. *Id.* The amended pleading states that Plaintiff was held at the Kershaw County Detention Center "for more than two hours booked and finger printed against [his] will and without [his] consent and forced to post bail" prior to being issued three tickets and released. *Id.* Plaintiff claims that he was forced to return to Kershaw County on June 12, 2012 for a hearing before defendant Hartis. *Id.* at 5. Defendant Hartis allegedly "refused on several occasions to accept submissions of motion and or evidence which is and was a violation of due process." *Id.* at 6. The amended complaint claims that "[i]n the process of attempting to submit evidence," Plaintiff was physically assaulted and "forcibly and falsely placed under arrest" a second time by defendants Myers, Jackson, Lawson, and McLeod. *Id.* Defendant McLeod transported Plaintiff to the Kershaw County Detention Center, where he remained for approximately eight hours. *Id.* Plaintiff alleges that the Kershaw County Detention Center is in possession of unspecified copyrighted material and Plaintiff's personal

3

intellectual property. *Id.* at 9. The amended complaint seeks monetary damages and injunctive relief. *Id.* at 9–10.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid

4

claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff's claims against the officers who allegedly subjected him to false arrest and excessive force are sufficient to withstand summary dismissal at the initial stage of review. Plaintiff's claims against the remaining defendants, however, should be summarily dismissed. First, Plaintiff alleges claims against two state magistrate court judges, Darrell Drakeford and R. Eugene Hartis. These defendants are named for judicial actions taken during Plaintiff's hearings on April 19, 2012, and June 12, 2012. [Entry #1 at 7–8; Entry #8 at 5–6]. A judicial officer in the performance of his duties has absolute immunity from suit. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). This immunity extends to state magistrate court judges. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (holding state magistrates "are entitled to absolute immunity for acts performed in their judicial capacity"). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because judicial immunity

is an immunity from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, defendants Drakeford and Hartis are entitled to summary dismissal from the instant case.

Plaintiff also alleges federal and state causes of action against the State of South Carolina and various state agencies and instrumentalities to include Kershaw County, South Carolina and the Pennsylvania Department of Transportation. These defendants are protected by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including state agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (finding "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that references to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). While sovereign immunity does not bar suit where a state has given consent to be sued, or where

Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Because the State of South Carolina; Kershaw County, South Carolina; and the Pennsylvania Department of Transportation are protected from Plaintiff's claims by the Eleventh Amendment, these defendants should be summarily dismissed from this case.[2]

Plaintiff also names the Kershaw County Detention Center, which he alleges is operated, maintained, and controlled by Kershaw County. [Entry #1 at 4]. To the extent the detention center is part of the county, it is likewise protected from suit by the Eleventh Amendment. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (agents of state protected from suit by the Eleventh Amendment). However, the detention center is also subject to summary dismissal because it is not a proper defendant under 42 U.S.C. § 1983. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the elements of a § 1983 action). As an arm of the state, a detention center is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491

---

[1] To the extent Plaintiff's claims arise under 42 U.S.C. § 1983, Congress has not abrogated the states' sovereign immunity under that statute. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). South Carolina and Pennsylvania have not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e); 42 Pa. Const. Stat. § 8521(b).

[2] Plaintiff alleges that Kershaw County is a municipal corporation, and that the Pennsylvania Department of Transportation is a "private contractor." [Entry #1 at 4–5]. In South Carolina, however, counties are a political subdivision of the State. *See* S.C. Code Ann. § 4-1-10. Further, the Pennsylvania Department of Transportation "is the alter ego of the state and is, therefore, immune from suit in the federal courts under the Eleventh Amendment." *Goad v. Com. of Penn. Dept. of Transp.*, 530 F. Supp. 342, 344 (D.C. Pa. 1981).

7

U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983). As a facility used primarily to house pretrial detainees, the Kershaw County Detention Center is not a "person" amenable to suit under § 1983. Therefore, this defendant is also entitled to summary dismissal.

Finally, Plaintiff's claims regarding "violation of copyrighted material" must fail. [Entry #8 at 9]. To establish copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, a plaintiff must present evidence establishing two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Bouchat v Baltimore Ravens, Inc.*, 241 F.3d 350, 358 (4th Cir. 2001) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff's pleadings do not provide facts alleging either of these elements. In addition, 17 U.S.C. § 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." While the Supreme Court has held that failure to register a copyright does not deprive a district court of subject matter jurisdiction over a copyright claim, the Court also acknowledged that 17 U.S.C. § 411(a) imposed a statutory precondition

of copyright registration prior to filing such a claim in federal court. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246–48 (2010). Within the Fourth Circuit, district courts "have applied *Muchnick* in analyzing copyright infringement claims relating to unregistered works and, where appropriate, have dismissed such claims." *Tattoo Art, Inc. v. Tat Int'l, LLC,* 794 F. Supp. 2d 634, 655 (E.D.Va. 2011) (collecting cases). The pleadings in this case provide no indication that Plaintiff has registered a copyright, nor do they allege sufficient facts to establish the defendants' infringement on any copyright Plaintiff may possess. Therefore, Plaintiff's claim of copyright infringement should be summarily dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that the complaint and amended complaint be dismissed as to the following defendants without prejudice and without issuance and service of process: Kershaw County, South Carolina; State of South Carolina; Kershaw County Detention Center; Pennsylvania Department of Transportation; Darrell Drakeford; and R. Eugene Hartis. The pleadings should be served on the remaining defendants: Lieutenant Myers; Jackson; Lawson; McLeod; and C.O. Alston.

IT IS SO RECOMMENDED.

August 3, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).