IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeffrey Pennington, | ) | C/A No.: 3:12-1509-JFA-SVH |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Lieutenant Myers; Jackson; Lawson; McLeod; and C.O. Alston, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The complaint was transferred on order of the Honorable C. Ashley Royal, Chief Judge of the United States District Court for the Middle District of Georgia. [Entry #4]. Thereafter, Plaintiff filed an amended complaint [Entry#8], and the undersigned authorized service of process as to defendants Lieutenant Myers, Jackson, Lawson, McLeod, and C.O. Alston ("Defendants"). [Entry #29].

This matter is before the court on the following motions: (1) Plaintiff's motion to strike Defendants' defenses [Entry #43]; (2) Plaintiff's motion to amend the amended complaint [Entry #51]; and (3) Plaintiff's motion to compel [Entry #63]; (4) Plaintiff's motion to strike Defendants' response to Plaintiff's motion to compel [Entry #73]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

I.  Factual Background

In his original complaint, Plaintiff claimed that he was falsely accused of traffic offenses in Kershaw County, South Carolina, on April 19, 2012. [Entry #1 at 6]. Plaintiff alleges the traffic stop resulted in his arrest "without any warrant or other legal process" and his imprisonment at the Kershaw County Detention Center. *Id.* at 6–7. Plaintiff further claims that the arresting officer, defendant Myers, "violently seized, assaulted and laid hold of" him during the arrest and removed private property from his car. *Id.* at 9–10. Plaintiff further alleged various state law causes of action and sought monetary damages and injunctive relief. *Id.* at 32–33.

On June 18, 2012, Plaintiff filed an amended complaint, adding defendants Jackson, Lawson, C.O. Alston. [Entry #8 at 1]. The amended complaint reiterates Plaintiff's claims against defendant Myers for false arrest and excessive force during the arrest on April 19, 2012. *Id.* at 4. Plaintiff further alleges that defendant Jackson assisted defendant Myers during the arrest and failed to protect Plaintiff from the alleged assault. *Id.* The amended pleading states that Plaintiff was held at the Kershaw County Detention Center "for more than two hours booked and finger printed against [his] will and without [his] consent and forced to post bail" prior to being issued three tickets and released. *Id.* Plaintiff claims that he was forced to return to Kershaw County on June 12, 2012, for a hearing. *Id.* at 5. The amended complaint claims that "[i]n the process of attempting to submit evidence," Plaintiff was physically assaulted and "forcibly and falsely placed under arrest" a second time by defendants Myers, Jackson, Lawson, and McLeod. *Id.* Defendant McLeod transported Plaintiff to the Kershaw County Detention Center, where

he remained for approximately eight hours. *Id.* Plaintiff alleges that the Kershaw County Detention Center is in possession of unspecified copyrighted material and Plaintiff's personal intellectual property. *Id.* at 9. The amended complaint seeks monetary damages and injunctive relief. *Id.* at 9–10.

II. Discussion

A. Motion to Strike Answer

Plaintiff moves to strike the majority of the defenses in Defendants' answer to the complaint, based on disagreements as to the applicable law and the relevant facts. [Entry #43]. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). However, motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). "Accordingly, a motion to strike a matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." *McIntyre-Handy v. APAC Customer Servs.*, 2006 WL 1771048 (E.D.Va. June 23, 2006) (internal citations and quotations omitted).

In the instant motion, Plaintiff alleges that virtually all of the defenses raised in Defendants' answer are insufficient, immaterial, impertinent, or scandalous for various reasons. [Entry #43]. However, the motion fails to demonstrate that the defenses sought

3

to be stricken are so unrelated to Plaintiff's claims as to be unworthy of any consideration or prejudicial to Plaintiff should they remain in the answer. Therefore, Plaintiff's motion to strike portions of Defendants' answer is denied.

B.  Motion to Amend Complaint

Plaintiff seeks to amend the amended complaint to add the Denise LNU, Clerk of the Magistrate Court, to this action. [Entry #51]. In his proposed amended complaint, Plaintiff claims that he inadvertently sent several motions to Kershaw County Clerk of Court Joyce McDonald. *Id*. at 3. Plaintiff alleges that Clerk McDonald informed him that she would give the motions to the Clerk of the Magistrate Court, Denise LNU. *Id*. Plaintiff further alleges that Denise LNU breached her duty by failing to secure all of the motions. *Id*. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Liberally construing Plaintiff's motions to amend his complaint, the court finds that granting Plaintiff's motion would be futile. The doctrine of absolute quasi-judicial immunity has also been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other

4

judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *cf. Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of pleadings). Therefore, the undersigned denies as futile Plaintiff's motion to amend his amended complaint to add Denise LNU.

    C.    Motion to Compel and Motion to Strike Defendants' Response to the Motion to Compel

On April 1, 2013, Plaintiff filed a motion to compel, seeking responses to discovery he served on Defendants on December 17, 2012. [Entry #63]. In response, Defendants attached copies of their admittedly-late discovery responses served on Plaintiff on April 18, 2013. [Entry #70-3]. Defendants answered some of the discovery requests and objected to many. *Id.* In his reply and motion to strike Defendants' response to the motion to compel, Plaintiff argues that "all information is requested is relevant to all matters in this matter." [Entry #73]. Plaintiff's motion to strike Defendants' response to Plaintiff's motion to compel fails to show that the challenged material is so unrelated to the case as to be unworthy of any consideration, and it is therefore denied. The undersigned analyzes the motion to compel as follows.

    Discovery is governed by Fed. R. Civ. P. 26, which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at

5

> the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Here, Plaintiff has not specified any particular discovery response to which he thinks he is entitled, but generally claims all of his requests are relevant. By way of example, Defendants argue that Plaintiff's request for agreements between the state of South Carolina and the federal government regarding transportation issues is not related to a claim or defense in this matter. [Entry #70 at 4]. In arguing such requests are relevant, Plaintiff states that: "If the governor of the state signed an agreement and received federal funding from the U.S. Department of Transportation[,] it has now agreed to be subject to the rules and regulations of sa[id] agency in which we have exemptions from said agency which were violated by defendant Myers." [Entry #73 at 4]. Plaintiff provides no support for this vague contention. Plaintiff also requested imformation on the radar gun used by the arresting officer in the underlying traffic stop. [Entry #70-2 at 6]. However, as Defendants point out, Plaintiff has already been adjudicated and Plaintiff was convicted on the underlying charge. Although Plaintiff argues he requested the information in his criminal trial and did not receive it, the instant action may not be used to attack Plaintiff's prior conviction.

Given that Plaintiff has failed to specify any discovery request that is related to a claim or defense and reasonably calculated to lead to the discovery of admissible evidence, the undersigned denies his motion to compel.

III. Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion to strike Defendants' defenses [Entry #43], Plaintiff's motion to amend the amended complaint [Entry #51], Plaintiff's motion to compel [Entry #63], and Plaintiff's motion to strike Defendants' response to his motion to compel [Entry #73].

IT IS SO ORDERED.

*Shiva V. Hodges*

July 10, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge