IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeffrey Pennington, | ) | C/A No.: 3:12-1509-JFA-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Lieutenant Myers; Jackson; Lawson; McLeod; and C.O. Alston, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The complaint was transferred on order of the Honorable C. Ashley Royal, Chief Judge of the United States District Court for the Middle District of Georgia. [Entry #4]. Thereafter, Plaintiff filed an amended complaint [Entry#8], and the undersigned authorized service of process as to defendants Lieutenant Myers, Jackson, Lawson, McLeod, and C.O. Alston ("Defendants"). [Entry #29].

This matter comes before the court on Defendants' motion to dismiss and for sanctions and costs, or in the alternative, for a motion to stay and amended scheduling order. [Entry #65]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #66]. The motion to dismiss having been fully briefed [Entry #68, #72], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to

the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendants' motion be granted in part and denied in part.

I. Factual Background

In his original complaint, Plaintiff claimed that he was falsely accused of traffic offenses in Kershaw County, South Carolina, on April 19, 2012. [Entry #1 at 6]. The traffic stop allegedly resulted in Plaintiff's arrest "without any warrant or other legal process" and his imprisonment at the Kershaw County Detention Center ("KCDC"). *Id.* at 6–7. Plaintiff further claims that the arresting officer, defendant Myers, "violently seized, assaulted and laid hold of" him during the arrest and removed private property from his car. *Id.* at 9–10. Plaintiff further alleged various state law causes of action and sought monetary damages and injunctive relief. *Id.* at 32–33.

On June 18, 2012, Plaintiff filed an amended complaint, adding defendants Jackson, Lawson, and C.O. Alston. [Entry #8 at 1]. The amended complaint reiterates Plaintiff's claims against defendant Myers for false arrest and excessive force during the arrest on April 19, 2012. *Id.* at 4. Plaintiff further alleges that defendant Jackson assisted defendant Myers during the arrest and failed to protect Plaintiff from the alleged assault. *Id.* The amended pleading states that Plaintiff was held at the KCDC "for more than two hours booked and finger printed against [his] will and without [his] consent and forced to post bail" prior to being issued three tickets and released. *Id.* Plaintiff claims that he was forced to return to Kershaw County on June 12, 2012, for a hearing. *Id.* at 5. The

amended complaint claims that "[i]n the process of attempting to submit evidence," Plaintiff was physically assaulted and "forcibly and falsely placed under arrest" a second time by defendants Myers, Jackson, Lawson, and McLeod. *Id.* Defendant McLeod transported Plaintiff to the KCDC, where he remained for approximately eight hours. *Id.* Plaintiff alleges that the KCDC is in possession of unspecified copyrighted material and Plaintiff's personal intellectual property. *Id.* at 9. The amended complaint seeks monetary damages and injunctive relief. *Id.* at 9–10.

II. Discussion

Defendants move to dismiss this action based on Plaintiff's failure to appear for his deposition. On March 20, 2013, Defendants noticed Plaintiff's deposition for 10:00 a.m. on Thursday, April 4, 2013, at the law offices of Defendants' counsel. [Entry #65-1]. Plaintiff failed to appear for the deposition. According to Defendants, after waiting approximately twenty minutes beyond the appointed start time, Defendants' counsel called Plaintiff and left a voice message inquiring as to his location. [Entry #65-3]. Defendants' counsel read into the record a statement of non-appearance at 10:35 a.m. [Entry #65-2]. According to Defendants, at approximately 11:05 a.m. on April 4, 2013, Plaintiff called Defendants' counsel and informed him that he would not attend his deposition. [Entry #65-3 at 2]. Plaintiff initially stated he had been "advised by counsel" not to attend. *Id*. Defendants' counsel avers that when questioned whether he retained legal services, Plaintiff admitted that he was not represented by a licensed attorney but had been told "by his counsel" not to attend. *Id*. Plaintiff further stated that he refused to

3

return to South Carolina to attend his deposition and that he "would not step foot in Camden." *Id*.

Defendants request that Plaintiff's case be dismissed for failure to prosecute, based on Plaintiff's refusal to appear at his deposition. Defendants also request attorney's fees and costs. [Entry #65]. Plaintiff's response to the motion to dismiss does not address his failure to appear at his deposition, but only presents argument regarding the underlying facts and allegations of his case. [Entry #68].

The Fourth Circuit has directed courts to consider the following factors when determining whether dismissal for failure to prosecute is appropriate: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendants; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion;" and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *Contreras v. NFN Pettiford*, No. 05–3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). Plaintiff has presented no argument claiming that he was not personally responsible for failing to appear. However, Defendants have suffered little prejudice, particularly if Plaintiff is directed to appear for another deposition at his own expense and is required to pay costs and fees incurred by Defendants related to his failure to appear on April 4, 2013. It does not appear that Plaintiff has otherwise been deliberately dilatory in this action. Finally, sanctions less drastic than dismissal exist, such as requiring Plaintiff to pay costs and fees Defendants incurred as a result of his failure to appear for the original deposition and to pay the costs of his future deposition.

Therefore, the undersigned recommends Defendants' motion be denied with regard to dismissing the action, but granted such that Plaintiff (1) be ordered to pay Defendants' costs and fees incurred as a result of his failure to appear and (2) submit to a deposition at his own expense. If the district judge accepts this recommendation, after Plaintiff pays Defendants' fees and costs, Plaintiff shall submit to a deposition to be taken in this Division at a time convenient for Defendants. The undersigned directs Defendants to submit an affidavit of costs and fees incurred as a result of Plaintiff's failure to appear on April 4, 2013 for the District Judge's consideration. Should Plaintiff refuse to pay the fees and costs or refuse to appear for his deposition, it is recommended that this case be dismissed with prejudice.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that Defendants' motion be denied insomuch as it requests dismissal and granted to the extent that it seeks costs and fees incurred by Defendants as a result of Plaintiff's failure to appear and an amended scheduling order.

IT IS SO RECOMMENDED.

July 10, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).