UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jeffrey Pennington, | ) | C/A No. 3:12-1509-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Lieutenant Myers; Jackson; Lawson, McLeod; and C.O. Alston, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Jeffrey Pennington, brings this action pursuant to 42 U.S.C. § 1983[1] claiming that he was falsely accused of traffic offenses in Kershaw County, South Carolina on April 19, 2012. He seeks compensatory damages and injunctive relief.

Defendants attempted to take plaintiff's deposition and plaintiff failed to appear, stating that he had been "advised by counsel" not to attend the deposition. Defendants then moved for the Magistrate Judge to have the action dismissed for plaintiff's failure to attend his deposition. Alternatively, the defendant moves for costs associated with preparing for the deposition that did not occur and with filing the motion to dismiss.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation suggesting that the motion to dismiss should be denied, and that the motion

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

for costs should be granted. Regarding the costs, the Magistrate Judge directed defense counsel to tender to this court an itemization of costs and an affidavit attesting to these costs. Pursuant to the Magistrate Judge's request, attorney Thomas Morgan has filed an affidavit itemizing attorneys fees, as well as costs for copying, postage, and the appearance of the court reporter. These expenses total $1,427.17.

Plaintiff was apprised of his right to file objections to the Report and Recommendation. On July 29, 2013, the plaintiff filed a document styled "Copyright Notice Judicial Notice. Requests for Interrogatories. Summary judgment." In this document, plaintiff makes a number of assertions that are irrelevant to the issue currently before this court. For example, his objection memorandum contains an extensive discussion of the copyright laws of the United States and asks this court to take judicial notice of, among other things, the fact that the plaintiff is not a "citizen" of any kind.

The objection memorandum also contains a request for interrogatories and a motion for summary judgment seeking an order for $18 million against the defendants. The only reference in the "objections" portion of plaintiff's pleading to the issue under review by this court is objection number 8, "We hereby object to all pleadings and testimony placed in to this case by H. Thomas Morgan, Jr." Statements of counsel in their briefs or arguments are not sufficient for purposes of granting a motion to dismiss or for summary judgment." Another objection suggests that this court does not have jurisdiction over this controversy. Significantly, no where in the thirteen-page pleading filed by the plaintiff is there any explanation whatsoever of his failure to attend the deposition. Moreover, plaintiff does not challenge the reasonableness of the fees sought by defense counsel. Despite the plaintiff's

failure to properly object, this court has nevertheless carefully reviewed the Report and the affidavit of defense counsel regarding the fees and expenses incurred.

The court concludes that the Magistrate Judge was correct in suggesting the award of fees as a sanction instead of outright dismissal. The court also determines that the request by defense counsel for fees and expenses totaling $1,427.17 is fair, just, and reasonable under the circumstances. The court finds that the amount of time expended preparing for the deposition and filing the motion to dismiss justifies attorneys fees of $1,321. The remaining items sought to be recovered are all out-of-pocket expenses that were necessarily incurred by defense counsel.

Regarding the question of this court's subject matter jurisdiction, this is clearly an action between citizens of two different states involving a claim exceeding $75,000. Thus diversity jurisdiction is present. Plaintiff's objection to the jurisdiction of this court is therefore overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.

For the foregoing reasons, the plaintiff is ordered and directed to remit to the defendant a certified check in the sum of $1,427.17 within 21 days from the date of this order. If plaintiff fails to make this payment as required, the court will dismiss this action with prejudice, meaning that the case will be ended and the plaintiff will not have the right to refile it.

Defense counsel are directed to notify this court, shortly after the expiration of the 21-day period as to whether the plaintiff has complied with this directive. If the plaintiff has failed to comply this action will be dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

August 27, 2013
Columbia, South Carolina